IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ASHLEY BARLAGE,**

      **Plaintiff,**

      vs.

**Case No. 2:21-cv-2662**
**Judge Sarah D. Morrison**
**Magistrate Judge Elizabeth P. Deavers**

**THE BOEING COMPANY,**

      **Defendant.**

### REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's failure to comply with the Order to Show Cause dated January 6, 2022. (ECF No. 29.) For the following reasons, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's entire action **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.**

Plaintiff, represented by counsel at the time, initiated this lawsuit on May 21, 2021. (ECF No. 1.) On November 16, 2021, Plaintiff's counsel moved to withdraw, citing Plaintiff's failure to cooperate despite warnings as to the consequences of that failure. (ECF Nos. 21, 21-1.) By Order dated November 17, 2021, the Court granted Plaintiff 21 days to respond the motion to withdraw. (ECF No. 22.) Plaintiff failed to respond despite counsel's confirmation of service. (ECF Nos. 25 and 26.) By Order dated December 15, 2021, the Court granted counsel's motion to withdraw and directed the Clerk to serve a copy of the Order on Plaintiff by regular U.S. Mail, certified mail, and email. (ECF No. 26.) Plaintiff's receipt of this Order is confirmed on the

Court's CM/ECF system.  (ECF No. 28.)  By Notice dated December 16, 2021, the Court scheduled this case for a Telephonic Status Conference on January 6, 2022, and emailed a copy of the Notice to Plaintiff.  (ECF No. 27.)

Plaintiff did not attend the Status Conference.  Accordingly, the Court issued a Show Cause Order on January 6, 2022, directing Plaintiff to show cause by January 20, 2022, why the Court should not dismiss this case for failure to prosecute.  (ECF No. 29.)  The Court specifically advised Plaintiff that "failure to respond to this Show Cause Order will result in the recommendation that this case be dismissed with prejudice for failure to prosecute."  (*Id.*)  The Court's CM/ECF system reflects that Plaintiff received a copy of the Show Cause Order by certified mail on January 8, 2022.  (ECF No. 32.)  To date, Plaintiff has not filed a response to the Court's Show Cause Order.

## II.

Under the circumstances of this case, the Undersigned recommends dismissal of Plaintiff's entire action pursuant to Rule 41(b).  The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his or her failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders.  *See* Fed.R.Civ.P. 41(b); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Walbash R. Co.*, 370 U.S. 626, 629–32, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Knoll v. AT&T*, 176 F.3d 359, 63 (6th Cir.1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir.2008) (citing *Knoll*, 176 F.3d at 363).  "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'"  *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### III.

Here, the record demonstrates delay and failure to comply with a Court order.  Plaintiff was specifically **ORDERED** to **SHOW CAUSE** why the claims asserted against Defendant should not be dismissed for want of prosecution.  (ECF No. 29.)  Further, the Order provided adequate notice of this Court's intention to recommend dismissal for failure to prosecute and supplied Plaintiff with a reasonable period of time to comply.  Plaintiff has failed to respond.  Because Plaintiff failed to attend a Status Conference and disregarded a Court order, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.  The Undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's action in its entirety **WITHOUT PREJUDICE** under Rule 41(b).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat=l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).#

**Date: January 27, 2022**                     /s/ *Elizabeth A. Preston Deavers*
                                               **ELIZABETH A. PRESTON DEAVERS**
                                               **UNITED STATES MAGISTRATE JUDGE**